**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Mark O'Dell,**
**Claimant Below, Petitioner**

**v.)**     **No. 25-123**     (JCN: 2023015441)
                             (ICA No. 24-ICA-277)

**Nicholas County Board of Education,**
**Employer Below, Respondent**


## MEMORANDUM DECISION


Petitioner Mark O'Dell appeals the December 23, 2024, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See O'Dell v. Nicholas Cnty. Bd. of Educ.,* No. 24-ICA-277, 2024 WL 5201013 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Respondent Nicholas County Board of Education filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the June 4, 2024, order of the Workers' Compensation Board of Review, which affirmed the claim administrator's order dated April 17, 2023, finding that Mr. O'Dell had no permanent partial disability related to noise induced hearing loss.

On appeal, the claimant argues that the ICA was clearly wrong in finding the claimant did not prove by a preponderance of the evidence that he sustained more than a 0% whole-person impairment from his occupational hearing loss. The claimant argues that all of the evaluators agreed that the claimant's occupation contributed to his hearing loss, and that there was actual occupational hearing loss in the claim. Although David A. Phillips, M.D., calculated 0% whole person impairment, the claimant asserts that Joseph Touma, M.D., found 3.75% impairment based on the claimant's four-frequency totals, and Christopher White, D.O., opined a total of 5.03% whole-person impairment for the claimant's occupational hearing loss. The claimant argues that while West Virginia Code of State Rules § 85-20-47.3 (2006) establishes a margin of error of 15 decibels in the four frequency totals[2], the ICA and Board of Review erred in relying on the only

---

[1] The petitioner is represented by counsel Reginald D. Henry and Lori J. Withrow, and the respondent is represented by counsel Steven K. Wellman and James W. Heslep.

[2] In establishing a definitive margin of error, West Virginia Code of State Rules § 85-20-47.3 provides that:

> Two audiograms are said to be in acceptable test-retest variability when the total of four frequencies (500, 1000, 2000, 3000 Hz) is 15 decibels or less and the

evaluator who found no impairment because the decision is against the weight of the evidence. As such, the claimant argues that he is entitled to a 5.03% permanent partial disability award based on Dr. White's findings. The employer counters by arguing that the law unambiguously establishes a margin of error and further argues that the audiograms of Drs. White and Touma are beyond/outside of the test-retest variability threshold. Because the audiograms of Dr. Phillips were within test-retest of each other, the employer argues that the ICA and Board of Review reached a result that is supported by West Virginia law.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: September 10, 2025**

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

audiometric curves are similar. Because the two audiograms are technically identical and one cannot be chosen over the other, the calculation of whole person impairment will be based on the audiogram that yields the highest degree of impairment for the injured worker.

a. If two audiograms are both rated "good", and differ by more than the established margin of error, the Commission, Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall arrange for a third independent evaluation by an otologist or otolaryngologist.

b. The two audiograms that are within an acceptable test/retest variability should be used.